THE STATE EX REL. HARRIS, APPELLANT, *v.* ATLAS CRANKSHAFT CORPORATION ET AL., APPELLEES.

[Cite as *State ex rel. Harris v. Atlas Crankshaft Corp.* (2000), 90 Ohio St.3d 257.]

(No. 99–420—Submitted August 22, 2000—Decided November 8, 2000.)

258

*Gene P. Murray,* for appellant.

*Earl, Warburton, Adams & Davis* and *Bruce L. Hirsch,* for appellee Atlas Crankshaft Corporation.

*Betty D. Montgomery,* Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellee Industrial Commission.

---

**Per Curiam.** The specific safety requirement at issue requires the employer to instruct the employee in the safe operation of qualifying machines both "verbally and through demonstration." Claimant acknowledges that he was instructed to place the broacher into the manual mode before reaching into the machine to adjust the crankshaft. He also concedes that he was both told and shown how to put the broacher into the manual mode. Yet, he failed to place the machine in the manual mode at the time of accident.

Claimant argues that the malfunction rendered the broacher inherently unsafe and that, regardless of instruction, there is no safe way to operate an inherently unsafe machine. The flaw in this argument lies in claimant's description of the broacher as inherently unsafe.

Claimant leaves unchallenged three key points: (1) the normal broaching process never required insertion of a body part into the machine while it was on automatic, (2) it was not necessary for the machine to remain in automatic in order to correct the crankshaft, and (3) the loader could not descend if the machine was in manual. This undermines claimant's assertion that the machine (and/or his duties) were inherently dangerous.

Claimant's arguments are not always clear, so perhaps he believes that the broacher was inherently dangerous because the danger zone was accessible during the automatic cycle. If this is the gist of claimant's argument, however, he did not cite an appropriate specific safety requirement. Again, Ohio Adm. Code 4121:1–5–12(C)(1) requires instruction only on safe machine operation. It does not impose the duty implied by claimant. Here, the commission had "some evidence" that claimant was adequately trained. No more is required to sustain denial of this alleged violation.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.